# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:02CV69-3-MU

| | | |
|---|---|---|
| **DONALD ANDRE BARKLEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| **J.C. WILSON, Supt. Of Odom** | ) | |
| **Correctional Inst.,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner Donald Andre Barkley's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1.) Also before the Court is the State's Motion for Summary Judgment, (Document No. 3), Petitioner's "Reply to Respondent's Motion To A [sic] Summary Judgment (Document No. 5), and the State's notice of additional authority (Document No. 6.)

## I. Procedural Background

A review of the record reveals that Petitioner was convicted after trial by jury of first-degree rape and first-degree kidnapping in cases 97 CRS 48217-18. The Honorable W. Robert Bell sentenced Petitioner to life without parole for the first-degree rape. He arrested judgment as to the first-degree kidnapping and entered judgment for second-degree kidnapping and sentenced Petitioner to 59-80 months for that offense. On July 3, 2001 the North Carolina Court of Appeals issued a published opinion finding no error in Petitioner's trial and the Supreme Court of North Carolina dismissed Petitioner's appeal to that court for lack of substantial constitutional question on October

4, 2001. Petitioner was represented at trial by Ms. Gay R. Atkins and Mr. Dean Loven, Assistant

Public Defenders and on appeal by Mr. Mark D. Montgomery, Assistant Appellate Defender.

Petitioner filed the instant federal habeas application with this Court on February 20, 2002.

In this instant motion, Petitioner contends that; (a) his consent to have his blood drawn is not

valid since he was not informed of his right to refuse; (b) the trial court erred in denying Petitioner's

motion to suppress the results of a DNA analysis of his blood; (c) the trial court erred in admitting

into evidence Petitioner's prior guilty plea;[1] and (d) his first-degree rape "short-form" indictment was

insufficient to confer jurisdiction over his case.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite

deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001).

Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not
> grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state
> court proceedings unless the state court's adjudication; (1) "resulted in a decision that
> was contrary to, or involved as unreasonable application of, clearly established Federal
> laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted
> in a decision that was based on an unreasonable determination of the facts in light of
> the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly

established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the

Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme]

---

[1] Petitioner voluntarily withdrew this claim in his "Reply to Respondent's Motion To A
[sic] Summary Judgment." (Document No. 5.)

Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413

(2000), quoted in Burch. An unreasonable application is different from an incorrect application of

federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even

if it concludes in its own independent review, that the relevant state court merely made an incorrect

or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the

merits," that is, those claims substantively reviewed and finally determined as evidenced by the state

court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir.

1999).

### III. Analysis

**A. Consent to the blood sample**

Petitioner contends that his consent to the talking of his blood sample was not a valid consent

because he was not informed of his right to refuse consent at the time his blood sample was taken.[2]

To the extent that Petitioner is claiming that he did not validly consent to the drawing of his blood

in connection with the unrelated Robinson murder investigation for which his blood was originally

drawn, such claim was not raised in his state appeal to the Court of Appeals or in his notice of appeal

to the Supreme Court of North Carolina and therefore is not properly exhausted.[3] See Duncan v.

---

[2] To the extent Petitioner is raising a Fourth Amendment challenge, the Court will address the Fourth Amendment argument in section B of this order.

[3] Interestingly, in Petitioner's pre-trial suppression hearing, his appellate brief to the Court of Appeals and in his notice of appeal to the Supreme Court of North Carolina, Petitioner admitted that he did consent to have his blood drawn. He never raised the issue that his consent was not valid. Moreover, to the extend that Petitioner claims he was not told of his right to refuse to have his blood drawn, the testimony from Petitioner's pre-trial suppression hearing shows that when he was asked whether he would consent to have his blood drawn, he initially

Henry, 513 U.S. 364 (1995) (petitioner must expressly raise same legal and factual claim in state court that he raises in federal habeas petitioner).  Because Petitioner was obviously in an adequate position to raise his present contention in his brief to the Court of Appeals and in his notice of appeal to the Supreme Court of North Carolina and did not do so, it is now procedurally barred under North Carolina's mandatory post-conviction procedural bar statute, absent cause and prejudice or fundamental miscarriage of justice not shown here.  See N.C.G.S. § 15A-1519(a)(3) and (b) (1999)(claim shall be denied where petitioner in adequate position to have raised it on direct appeal but did not do so, absent cause and prejudice or fundamental miscarriage of justice.)  See also Rose v. Lee, 252 F.3d 676 (4th Cir. ) (North Carolina's post-conviction procedural bar statute of § 15A-1419 is now mandatory), cert denied, 512 U.S. 1246 (2001).  Furthermore, the procedural default rule of § 15A-1419(a)(3) and (b) is an adequate and independent state ground precluding federal habeas review.  See Willaims v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert denied, 525 U.S. 1155 (1999); Boyd v. French, 147 F.3d 319 (4th Cir. 1998), cert. denied, 525 U.S. 1150 (1999).

**B. Motion to Suppress**

Petitioner claims that the trial court erred in denying his motion to suppress the results of a DNA analysis of his blood.  As part of this argument, Petitioner contends that the blood that he consented to be drawn to exonerate him in the unrelated murder investigation was used without his consent in the instant rape case and constituted an unreasonable search and seizure in violation of the Fourth Amendment.  Petitioner filed a motion to suppress the DNA evidence, a suppression hearing was held and Judge Bell, in denying this motion entered an order containing detailed findings of fact and conclusions of law.  (Sept. 10, 1999 Order.)  Petitioner then raised this Fourth Amendment

---

refused consent.

claim on direct appeal and the Court of Appeals adjudicated and denied this claim on the merits.

Petitioner then raised his Fourth Amendment claim in his notice of appeal to the Supreme Court of

North Carolina, which was dismissed. The Court of Appeals cited and applied federal constitutional

precedent in its decision, e.g., Schmeber v. California, 384 U.S. 757 (1966) and Florida v. Jimeno,

500 U.S. 248 (1991). Petitioner was afforded a full and fair opportunity to litigate the Fourth

Amendment claim in the courts of North Carolina. Therefore, Petitioner is barred from raising it on

federal habeas review. Stone v. Powell, 428 U.S. 465 (1976) (where state provides full and fair

opportunity to litigate Fourth Amendment claim it is barred from federal habeas review).

### C. The Short Form Indictment

Petitioner contends that his first-degree rape "short-form" indictment was insufficient to

confer jurisdiction over his case because it did not allege all of the elements of the offense as required

by Jones v. United States[4] and Apprendi v. New Jersey.[5]

Due process requires that a defendant be informed of the charges against him. In re Oliver,

333 U.S. 257, 273-75 (1948). This requirement is also imposed by the Sixth Amendment to the

Constitution. The Due Process Clause and the Sixth Amendment, therefore, essentially provide the

same protections to criminal defendants. Fawcett v. Bablitch, 962 F.2d 617, 618 (7th Cir. 1992).

The Court notes that the record evidences that Petitioner clearly had notice that he was being

---

[4] In Jones v. United States, 526 U.S. 227 (1999), the Court held that in a federal prosecution "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in the indictment, submitted to a jury and proven beyond a reasonable doubt."

[5] In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Court held that "any fact [other than prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

charged with first-degree rape. On April 13, 1998, over one-year before Petitioner's September 10,

1999 trial, a superseding indictment was filed which specifically stated in the caption "First Degree

Rape GS 14-27.2." (See Superseding Indictment attached to State's Motion for Summary

Judgement.) In addition, on September 7, 1999 Petitioner through counsel filed a "Motion to

Suppress Oral Statements" and "Motion to Suppress Physical Evidence" in which he specifically

admitted he was charged with "(1) count of first-degree rape." (See both Motions attached to State's

Motion for Summary Judgment.) Therefore, there is no doubt that Petitioner and his counsel knew

long before trial that Petitioner was charged with first-degree rape. Clearly, Petitioner had notice of

the first-degree rape charge against him.

Further, the Court notes that since the time Petitioner filed his petition, the Fourth Circuit has

held that Apprendi and Jones state a new rule of constitutional law that cannot be applied retroactively

to cases on collateral review. See United States v. Sanders, 247 F.3d 139, 151 (4th Cir.) cert. Denied,

534 U.S. 1032 (2001).

Next, Petitioner raised this claim on direct appeal. The Court of Appeals adjudicated and

denied Petitioner's claim as follows:

> Defendant next argues that first degree rape indictment was insufficient to confer jurisdiction
> on the Superior Court. Specifically, he contends the use of a short form indictment for rape
> was deemed unconstitutional in Jones v. United States, 526 U.S. 227 (1999). The identical
> argument has previously been considered and rejected in State v. Harris, 140 N.C. App. 208
> (2000). Accordingly, this assignment of error is overruled.

(State v. Barkely, 144 N.C. 514, 525 (2001). The State v. Harris case cited above and relied upon to

deny Petitioner's "short form" rape indictment claim, adjudicated this issue as follows:

> In another argument, defendant asserts his short-form indictments as to rape and the sex
> offense were defective because they failed to specifically allege all the elements of each
> offense. Both our legislature and our courts have endorsed the use of short- form indictments

6

for rape and sex offenses, even though such indictments do not specifically allege each and every element. N.C. Gen. Stat. § 15-144.1 (1999)(outlining requirements for rape indictment); State v. Edwards, 305 N.C. 378, 380 (1982) (upholding short-form indictments for sex offenses); State v. Lowe, 295 N.C. 596, 605 (1978)(upholding short-form indictments for rape).

Nonetheless, defendant counters that the recent case of United States v. Jones, 526 U.S. 227 (1999) has effectively overruled this precedent by affirmatively requiring all indictments to specifically allege each element of the offense. The North Carolina Supreme Court has recently rejected a similar argument, pointing out that Jones only dealt with the federal pleading requirement under the Due Process Clause of the Fifth Amendment; it in no way dealt with the state pleading requirements under the Due Process Clause of the Fifth Amendment. State v Wallace, 351 N.C. 481 (2000). The Jones Court even stated the limited nature of its holding: "Our decision today does not announce any new principle of constitutional law, but merely interprets a particular federal statute in light of a set of constitutional concerns that have emerged through a series of our decisions over the past quarter century." Jones 526 U.S. at 252 n.11. We therefore summarily reject defendant's argument.

State v. Harris, 140 N.C. App. 208 (2000). These state court adjudications did not result in a decision in the case at bar that is contrary to or involves an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, i.e. Jones/Apprendi, Davis v. Utah Territory[6], Bergemann v. Backer[7] and In re Oliver. Nor did they result in a decision that is based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. Therefore Petitioner's short-form rape indictment claim is denied pursuant to § 2254 (d) and (e). See Williams v. Taylor, 529 U.S. 362 and Bell v. Jarvis, 236 F.3d 149.

---

[6] In Davis v. Utah Territory, 151 U.S. 262 (1894) the Supreme Court specifically upheld short-form indictments in the analogous context of first-degree murder. More recently, the Fourth Circuit also specifically upheld short-form indictments in the analogous context of first-degree murder. Hartman v. Lee, 283 F.3d 190, cert. denied, 537 U.S. 1114 (2003).

[7] In Bergemann v. Backer, 157 U.S. 655 (1895) the Court upheld a New Jersey murder indictment when it only charged that "on a day and within the county named, he did wilfully and feloniously, and with malice aforethought kill and murder" one Julius Bergemann, "contrary to the form of the statute in such case made and provided, and against the peace of the State, the government and dignity of the same."

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition under 28

U.S.C. § 2254 for a Writ of Habeas Corpus is <u>Denied</u> and <u>Dismissed</u> and the State's Motion for

Summary Judgment is <u>Granted</u>.

**Signed: August 24, 2005**

Graham C. Mullen
Chief United States District Judge